# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA

_____
                                      )
In re:                                   )
                                      )      Miscellaneous Proceeding
JOHN CARTER MORGAN, JR.,      )
                                      )
          *Debtor*.                    )
_____)

### ORDER TO APPEAR AND SHOW CAUSE PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(I)(3) AND FEDERAL RULE OF DISCIPLINARY ENFORCEMENT II

Local Bankruptcy Rule 2090-1(I) sets forth the Court's rules concerning discipline of attorneys. Local Bankruptcy Rule 2090-1(I)(3) provides, in relevant part:

> Imposition of Discipline by Other Courts; Attorneys Convicted of Serious Crimes: All counsel admitted to practice before this Court on any basis shall be admitted subject to the rules, conditions, and provisions of the Federal Rules of Disciplinary Enforcement Rule I, Rule II and Rule III, a copy of which is appended as Exhibit 11 to these Local Bankruptcy Rules. . . .

Federal Rule of Disciplinary Enforcement ("FRDE") II requires an attorney who is admitted to practice before this Court to report to the Clerk of this Court if he or she is subject to discipline by another court in the United States. The Court is then required to issue

> [a]n order to show cause directing that the attorney inform this Court within 30 days after service of that order upon the attorney, personally or by mail of any claim by the attorney predicated upon the grounds set forth [in subsection (D) of FRDE II] that the imposition of the identical discipline by the Court would be unwarranted and the reasons therefor.

The Court must also give the attorney notice of the order to show cause along with a copy of the disciplinary order.

The above-captioned attorney, John Carter Morgan, Jr., has informed the Clerk of this Court that he was subject to discipline by the United States Bankruptcy Court for the Western District of Virginia (the "Western District Bankruptcy Court"). A copy of this notice is attached

hereto as Exhibit A. By order entered February 12, 2018, attached hereto as Exhibit B, the Western District Bankruptcy Court revoked Mr. Morgan's privilege to practice law in the Western District Bankruptcy Court, including through John C. Morgan Jr. PLLC, for a period of eighteen (18) months to take effect within thirty (30) days of said order becoming final and unappealable[1] (the "Disciplinary Order"). The basis for the Western District Bankruptcy Court's imposition of discipline against Mr. Morgan is fully set forth in the Disciplinary Order. The Disciplinary Order was made final by the United States District Court for the Western District of Virginia by order entered July 9, 2021, which was not appealed. Accordingly, the Western District Western District Bankruptcy Court entered an Order on September 16, 2021, which is attached hereto as Exhibit C, implementing the terms of the Disciplinary Order.

In accordance with Local Bankruptcy Rule 2090-1(I)(3) and FRDE II, the Court finds that Mr. Morgan must show cause why he should not be subject to identical discipline by this Court. Accordingly, for the reasons stated herein, the Court ORDERS within 30 days after service of this Order to Show Cause upon him, that John Carter Morgan, Jr. must file a response to this Order that sets forth any claim by him predicated upon the grounds set forth in subsection (D) of FRDE II that the imposition of the identical discipline by the Court would be unwarranted and the reasons therefor.

The Court further ORDERS that John Carter Morgan, Jr. appear at a hearing on this Order to Show Cause on January 11, 2022, at 12:30 p.m. via Zoom. The Court will provide Mr. Morgan with instructions on how to appear via Zoom no later than two weeks prior to the scheduled hearing.

---

[1] The Western District Bankruptcy Court also imposed a $5,000 monetary sanction which is not relevant to the reciprocal discipline purposes of this Order.

Finally, the Court ORDERS the Clerk to open a miscellaneous proceeding for this matter and to thereafter docket this order in said miscellaneous proceeding.

The Clerk shall deliver a copy of this Order to John Carter Morgan, Jr., 98 Alexandria Pike, Suite 10, Warrenton, VA 20186.

IT IS SO ORDERED.

11-22-2021

FRANK J. SANTORO
Chief United States Bankruptcy Judge

Entered on Docket: 11/22/2021

# JOHN CARTER MORGAN, JR., PLLC
*ATTORNEY AND COUNSELLOR AT LAW*

98 ALEXANDRIA PIKE
SUITE 10
WARRENTON, VIRGINIA 20186

(540) 349-3232

October 19, 2021

**BY EMAIL (William_Redden@vaeb.uscourt.gov) AND BY FIRST-CLASS MAIL**

William C. Redden
Clerk, U.S. Bankruptcy Court
Eastern District of Virginia
701 E. Broad St., Suite 4000
Richmond, VA 23219

     Re:   John Carter Morgan, Jr., VSB No. 30148

Dear Bill,

     Thank you for your patience in allowing me the time to obtain the certified copies required by our Court's Local Bankruptcy Rule 2090-1(I)(3) and, as referenced therein, Exhibit 11 to the Local Bankruptcy Rules. Attached and enclosed you will find a certified copy of the Bankruptcy Court's February 12, 2018 Order imposing discipline and a certified copy of the September 16, 2021 Order Implementing Suspension.

     Thank you again for your understanding and please let me know if you have any questions or need any additional information.

                                                     Sincerely yours,

                                                     John C. Morgan

JCM/hs
Attachments/Enclosures

cc: Robert E. Draim, Esquire

A TRUE COPY, TESTE:
JAMES W. REYNOLDS, CLERK OF COURT
UNITED STATES BANKRUPTCY COURT
BY \_\_martin\_\_  10/13/21
    Deputy Clerk

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| TIMOTHY JAMES WILLIAMS, JR., and | ) | |
| ANDRIAN SHANNON WILLIAMS, | ) | |
| | ) | Case No. 15-71767 |
| Debtors. | ) | |
| JUDY A. ROBBINS, | ) | |
| United States Trustee For Region Four, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adversary Proceeding** |
| | ) | **No. 16-07024** |
| DARREN DELAFIELD, UPRIGHT LAW | ) | |
| LLC, LAW SOLUTIONS CHICAGO LLC, | ) | |
| JASON ROYCE ALLEN, KEVIN W. | ) | |
| CHERN, EDMUND SCANLAN, and | ) | |
| SPERRO LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| IN RE: | ) | |
| | ) | Chapter 7 |
| JESSICA DAWN SCOTT, | ) | |
| | ) | Case No. 16-50158 |
| Debtor. | ) | |
| JUDY A. ROBBINS, | ) | |
| United States Trustee For Region Four, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 16-05014 |
| JOHN C. MORGAN, JR., JOHN C. | ) | (consolidated with Adversary |
| MORGAN, JR., PLLC, UPRIGHT LAW LLC, | ) | Proceeding No. 16-07024) |
| LAW SOLUTIONS CHICAGO LLC, JASON | ) | |
| ROYCE ALLEN, KEVIN W. CHERN, | ) | |
| EDMUND SCANLAN, and SPERRO LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in this Court's contemporaneous Memorandum Opinion, which are adopted herein in their entirety, it is hereby ORDERED as follows:

1. The contract between LSC, Upright, Delafield and Mr. and Mrs. Williams is declared void under 11 U.S.C. § 526(c) pursuant to Count III of the Williams Complaint.

2. The Court grants the UST's requests in Counts I and II of the Complaints and LSC, Upright, Delafield, and Morgan shall disgorge any attorney's fees received in these two cases under 11 U.S.C. § 329(b) to the Chapter 7 Trustees of the estate of Ms. Scott and of Mr. and Mrs. Williams, respectively.

3. The UST's requests that the Court cancel the engagement agreements with the Williamses and Scott are denied.

4. Count IV of the Williams Complaint and Count III of the Scott Complaint are dismissed and no injunction shall issue.

5. Pursuant to the relief requested in Williams Count VI and Scott Count V, the privileges of LSC, Upright Law, LLC, Kevin W. Chern, and Jason Royce Allen to file or conduct cases, directly or indirectly, in the Western District of Virginia are revoked for a period of five (5) years. This revocation shall include any firm that Law Solutions Chicago, Upright Law, Jason Allen or Kevin Chern, directly or indirectly, have an ownership interest in or control over.

6. Further, Law Solutions Chicago, Upright Law, Kevin Chern, Jason Allen, Edmund Scanlan and Sperro, LLC shall be fined collectively the sum of $250,000.00. These fines are to be paid to the Office of the United States Trustee within thirty (30) days of this Order becoming final and unappealable. Kevin Chern shall be separately and

2

personally fined the sum of $50,000.00 for his participation in and leadership of the Sperro scheme. These fines are to be paid to the Office of the United States Trustee within thirty (30) days of this Order becoming final and unappealable.

7. Darren T. Delafield's privileges to practice in this Court shall be revoked for a period of one (1) year, and Mr. Delafield is sanctioned $5,000.00 to be paid to Mr. and Mrs. Williams, both to take effect within thirty (30) days of this Order becoming final and unappealable. Mr. Delafield shall make his payment in certified funds payable to the Williamses, delivered to Margaret K. Garber, Assistant United States Trustee, 210 First Street, Suite 505, Roanoke VA 24011. Mr. Delafield is advised that, upon proper application to this Court after said revocation period has expired, the Court will consider, without limitation, the following factors important as to whether his privileges will be reinstated: whether Mr. Delafield has (i) timely paid the sanction imposed herein, (ii) completed twenty (20) hours of continuing legal education in bankruptcy law, with at least six (6) of such hours being in ethics, (iii) read the Bankruptcy Code, (iv) read the Bankruptcy Rules, and (v) read the Local Rules of this Court.

8. John C. Morgan, Jr.'s privileges to appear before this Court, directly or indirectly, including through John C. Morgan, Jr., PLLC, shall be revoked for a period of eighteen (18) months, and Mr. Morgan will be sanctioned $5,000.00 to be paid to Jessica Scott, both to take effect within thirty (30) days of this Order becoming final and unappealable. Mr. Morgan shall make his payment in certified funds payable to Ms. Scott, delivered to Margaret K. Garber, Assistant United States Trustee, 210 First Street, Suite 505, Roanoke VA 24011. Mr. Morgan is advised that, upon proper

3

application to this Court after said revocation period has expired, the Court will consider, without limitation, the following factors important as to whether his privileges will be reinstated: whether Mr. Morgan has (i) timely paid the sanction imposed herein, (ii) completed twenty (20) hours of continuing legal education in bankruptcy law, with at least six (6) of such hours being in ethics, (iii) read the Bankruptcy Code, (iv) read the Bankruptcy Rules, and (v) read the Local Rules of this Court.

9. Sperro, LLC is directed to disgorge immediately all funds received from (1) the sale or disposition of any property for which it remitted funds to LSC/Upright in connection with a case filed in this Court, and (2) any funds paid to it by or on behalf of a lender to recover that lender's collateral in connection with a case before this Court. Sperro, LLC shall provide full documentation to the Office of the United States Trustee of all such transactions. All such funds shall be paid to the Clerk of this Court, to be held in the Clerk's registry pending further order of this Court. Sperro, LLC shall also, to the extent it has not already done so, provide to the Office of the United States Trustee a list of all clients referred to it from Law Solutions Chicago/Upright nationally, as well as details pertaining to the recovery, sale, disposition and/or secured creditor redemption of any collateral in connection with the so-called New Car Custody Program.

10. As the Court has sanctioned the Defendants as ordered above, Count V of the Williams Complaint and Count IV of the Scott Complaint are dismissed.

11. Additional civil penalties will not be awarded under 11 U.S.C. § 526(c)(5)(B).

4

12. The seal will be lifted as to Plaintiff's Exhibit Numbers 36 and 37. Within fourteen (14) days of the date of this Order, the Plaintiff shall file Exhibit Numbers 36 and 37 on the docket of this case.

13. The seal will be partially lifted as to Defendants' Exhibit Number P5. Within fourteen (14) days of the date of this Order, the Defendants will file pages 85-86 and 189-190 of Exhibit P5 on the docket of this case with personally identifiable confidential information redacted.

14. The seal will be lifted as to Defendants' Exhibit Number J7. Within fourteen (14) days of the date of this Order, the Defendants shall file Exhibit Number J7 on the docket of this case.

15. Pursuant to this Court's Amended Order of December 22, 2017, thirty days after this order becomes final and nonappealable, the Defendants will be permitted to withdraw the proposed trial exhibits previously filed under seal that were not admitted into evidence, either at trial or by operation of this Court's pretrial orders, or referenced in this Court's accompanying Memorandum Opinion.

16. The trial transcript is scheduled to be unrestricted on February 21, 2018. The Court will extend that deadline until further Order of the Court. Any party seeking to maintain the confidentiality of any existing seal of the trial testimony shall file a motion to do so within 14 days of the date of this Order, with 7 days for any reply. If no motion is filed, all transcripts seals and restrictions will be lifted after 14 days.

5

The Clerk is directed to send a copy of this Order to all counsel for the parties, to Sperro, LLC, and to any party in interest who filed a request for notice in this case. The United States Trustee is directed to forward true copies of this Order and the Court's Memorandum Opinion to the appropriate Bar Disciplinary authorities in both the Commonwealth of Virginia and the State of Illinois.

**Decided this 12th day of February, 2018.**

*[signature]*
UNITED STATES BANKRUPTCY JUDGE

A TRUE COPY, TESTE:
JAMES W. REYNOLDS, CLERK OF COURT
UNITED STATES BANKRUPTCY COURT

BY *[signature]* martin  10/13/21
Deputy Clerk

6

EXHIBIT C

SIGNED THIS 16th day of September, 2021

THIS ORDER HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.



Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

A TRUE COPY, TESTE:
JAMES W. REYNOLDS, CLERK OF COURT
UNITED STATES BANKRUPTCY COURT
BY Janet L. Jenkins
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE:<br><br>TIMOTHY JAMES WILLIAMS, JR., and<br>ANDRIAN SHANNON WILLIAMS,<br><br>    Debtors.<br>JOHN P. FITZGERALD, III, Acting<br>United States Trustee for Region Four,<br><br>    Plaintiff,<br><br>v.<br><br>DARREN DELAFIELD, UPRIGHT LAW<br>LLC, LAW SOLUTIONS CHICAGO LLC,<br>JASON ROYCE ALLEN, KEVIN W.<br>CHERN, EDMUND SCANLAN, and<br>SPERRO LLC,<br><br>    Defendants. | Chapter 7<br><br>Case No. 15-71767<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 16-07024 |
| IN RE:<br><br>JESSICA DAWN SCOTT,<br><br>    Debtor.<br>JOHN P. FITZGERALD, III, Acting<br>United States Trustee for Region Four,<br><br>    Plaintiff,<br><br>v. | Chapter 7<br><br>Case No. 16-50158<br><br><br><br><br><br>Adversary Proceeding<br>No. 16-05014 |

| | |
|---|---|
| JOHN C. MORGAN, JR., JOHN C. MORGAN, JR., PLLC, UPRIGHT LAW LLC, LAW SOLUTIONS CHICAGO LLC, JASON ROYCE ALLEN, KEVIN W. CHERN, EDMUND SCANLAN, and SPERRO LLC,    ) ) ) ) ) ) | (consolidated with Adversary Proceeding No. 16-07024) |
| Defendants.    ) | |

## ORDER IMPLEMENTING SUSPENSION

By Order ( the "2018 Order") entered February 12, 2018, as amended, this Court directed that John C. Morgan, Jr.'s privileges to appear before this Court, <u>directly or indirectly</u>, including through John C. Morgan, Jr., PLLC, shall be revoked for a period of eighteen (18) months (emphasis added). Further, Mr. Morgan was sanctioned $5,000.00 to be paid to Jessica Scott, both to take effect within thirty (30) days of the 2018 Order becoming final and unappealable. Mr. Morgan was further directed to make his payment in certified funds payable to Ms. Scott, delivered to Margaret K. Garber, Assistant United States Trustee, 210 First Street, Suite 505, Roanoke, VA 24011.

It appearing to the Court that Mr. Morgan appealed the 2018 Order to the United States District Court for the Western District of Virginia, and that on July 9, 2021, the United States District Court entered a final Order affirming the 2018 Order as to Mr. Morgan. No appeal was timely taken to the United States Court of Appeals for the Fourth Circuit.

Accordingly, it is ORDERED as follows:

1.  Mr. Morgan shall forthwith give notice, by certified mail, of the suspension of his privileges to practice before this Court to all clients for whom he is currently handling matters and to all opposing attorneys and presiding judges in pending litigation. Mr. Morgan shall also make appropriate arrangements for the disposition of matters then in his care in conformity with the wishes of his clients. Mr. Morgan shall

2

give such notice within thirty (30) days of the entry of this order, and make such arrangements as are required herein within forty-five (45) days of this Order. Mr. Morgan shall also furnish proof to the United States Trustee within sixty (60) days of this Order that such notices have been timely given and such arrangements made for the disposition of matters.

2. Thirty (30) days after the entry of this Order, the Clerk of this Court shall restrict all CM/ECF filing privileges maintained by Mr. Morgan until further Order of the Court.

3. If Mr. Morgan is not handling any client matters before this Court on the date of this Order, he shall file an affidavit to that effect with the Office of the United States Trustee within sixty (60) days of the effective date of the suspension.

4. To the extent he has not already done so, Mr. Morgan shall make the payment to Jessica Scott as specified in the 2018 Order, as amended.

5. All issues concerning (i) compliance with the terms of suspension, and (ii) the adequacy of the notice and arrangements required above shall be determined by the Court, which may impose an additional sanction for failure to comply with the requirements of this Order or the 2018 Order.

6. This Order and the 2018 Order may be enforced by any presiding judge of this Court.

The Clerk is directed to forward a copy of this Order to John C. Morgan, Jr.; John C. Morgan, Jr., PLLC; the Office of the United States Trustee; and to all counsel of record.

** END OF ORDER **

United States Bankruptcy Court

Eastern District of Virginia

In re:  Case No. 21-00701-FJS

Chapter

Morgan, Jr.
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0422-8      User: snydera      Page 1 of 1
Date Rcvd: Nov 22, 2021      Form ID: pdford7      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 24, 2021:**

**Recip ID**      **Recipient Name and Address**
dft      + John Carter Morgan, Jr., 98 Alexandria Pike, Suite 10, Warrenton, VA 20186-2849

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 24, 2021      Signature:     /s/Joseph Speetjens